IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01365-KLM

KENNETH MILES UEDING,

    Plaintiff,

v.

R.N. CHRIS, and
ARMOR CORRECTIONAL CARE SERVICES,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Armor Correctional Care Services' ("Armor")[1] **Motion to Dismiss All Claims Against Armor Correctional Health Services, Inc.** [#27][2] (the "Motion"). Plaintiff filed a Response [#37] in opposition to the Motion, and Defendant Armor filed a Reply [#41]. Plaintiff proceeds in this matter as an incarcerated pro se litigant.[3] Plaintiff and Defendant Armor have consented to proceed before the

---

[1] Defendant Armor states that Plaintiff's Amended Complaint [#10] misidentifies Defendant Armor as "Armor Correctional Care Services" when its true corporate name is "Armor Correctional Health Services, Inc." *Motion* [#27] at 2. Plaintiff appears to agree by stating "[Armor Correctional Care Services] was the name I was informed of upon asking. The minor [technicality] of Care and Health is a minor error." *Response* [#37] at 3.

[2] "[#27]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout the Order.

[3] The Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not a pro se litigant's advocate, nor shall the Court "supply additional factual allegations to round out [a pro se litigant's] complaint or construct a legal theory on [his]

-1-

undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2(d).[4] *See* [#24, #25, #39, #40].

In the Motion [#27], Defendant Armor argues that the Court should dismiss Claim Two of Plaintiff's Amended Complaint [#10] against Defendant Armor for three reasons: (1) failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); (2) insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5); and (3) failure to properly identify the correct defendant. *Motion* [#27]. Claim Two asserts violations of Plaintiff's "right to medical aid" and right against cruel and unusual punishment under the Eighth Amendment. *Am. Compl.* [#10]. Plaintiff generally alleges that the violations occurred when he was denied adequate medical treatment from February 14, 2017 to March 27, 2017, for injuries he suffered as an inmate in the El Paso County Criminal Justice Center. *Id.* at 5. Claim Two is the sole remaining claim in this case and is asserted against Defendant Armor and Defendant R.N. Chris.[5]

As outlined below, due to a lack of clarity as to which defendants Plaintiff intended to name in the Amended Complaint [#10], the Court has not yet directed the Clerk of Court or the United States Marshal to serve the Amended Complaint on Defendant Armor (as the Court is required to do under Fed. R. Civ. P. 4(c) and 28 U.S.C. § 1915). Consequently,

---

behalf." *Whitney v. New Mexico*, 113 F. 3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)). In addition, Plaintiff, as a pro se litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] Defendant R.N. Chris has not been served in this case and has not given consent to United States Magistrate Judge Jurisdiction.

[5] Claims One and Three against Defendants Primist and King were dismissed by Plaintiff's Motion [#34] which the Court construed as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a). *See Minute Order* [#42].

the Court finds that dismissal of Claim Two against Defendant Armor would be premature at this stage. Therefore, the Motion [#27] is **DENIED** without prejudice.

A. Procedural Background

Plaintiff initiated this civil action on June 5, 2017. *Compl.* [#1]. Plaintiff is incarcerated in the Colorado Department of Corrections and was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. [# 8]. Plaintiff's Amended Complaint [#10] was filed on August 4, 2017.

In the Amended Complaint [#10], the factual allegations underlying Claim Two assert that Defendant R.N. Chris conducted an initial medical examination of Plaintiff but failed to follow proper "documentation procedures" which caused Plaintiff to not receive medication and x-rays he had previously requested. [#10] at 5. No reference to Defendant Armor is made in these factual allegations. *See id.* However, the Amended Complaint [#10] lists "Armor Correctional Care Services/R.N. Chris" as a single named party on the Prisoner Complaint Form.[6] *Id.* at 2.

The Court interpreted the Amended Complaint [#10] and Plaintiff's factual allegations as asserting Claim Two against Defendant R.N. Chris alone, with "Armor Correctional Care Services" merely describing Defendant R.N. Chris' place of employment. *See Minute Order* [#29]. Based on this interpretation, the Court ordered on August 23, 2017, that the United States Marshal serve Defendant R.N. Chris at the El Paso County Criminal Justice Center on Plaintiff's behalf pursuant to Fed. R. Civ. P. 4(c) and 28 U.S.C. § 1915. *See Certificate of Service by Clerk of Court* [#13]. The United States Marshal subsequently returned an

---

[6] The Court notes that Claim Two was initially asserted against "Correctional Care Services" in Plaintiff's original Complaint. *See Compl.* [#1].

unexecuted Summons with respect to Defendant R.N. Chris on September 20, 2017, which led the Court to issue the first Order to Show Cause [#26] on December 19, 2017. *Process Receipt and Return* [#21].

Shortly thereafter, Defendant Armor entered its appearance in this case by filing the present Motion [#27] on January 12, 2018. In light of this, the Court issued Minute Order [#29] on April 4, 2018, seeking clarification from Plaintiff as to which defendants he intended to name in the Amended Complaint [#10]. Specifically, the Court directed Plaintiff to file a written statement by May 4, 2018, indicating "whether he intended to name 'Armor Correction Care Services' as a Defendant separate and apart from 'R.N. Chris.'" [#29].

The April 4, 2018 Minute Order [#29] and another order issued the same day were returned to the Court as undeliverable on April 12, 2018. *See* [#30]. Because of this and the fact that the Court had not received any filing or communication from Plaintiff since September 2017, the Court issued the second Order to Show Cause [#31] on May 9, 2018. The second Order to Show Cause [#31] required Plaintiff to show, by May 30, 2018, why his case should not be dismissed for his failure to prosecute the case and notify the Court of his change in address. [#31] at 2.

On May 16, 2018, Plaintiff filed a Response [#33] explaining to the Court that he was twice moved from facilities between January and April of 2018, which made it difficult for him to timely respond to the Court's orders and notify the Court of his change in address. *Response* [#33] at 1. As to whether Plaintiff intended to name Defendant Armor and Defendant R.N. Chris as separate defendants, Plaintiff stated that both are "the same but Armor is primary." *Id.* Based on this statement, the Court issued Minute Order [#35] on June 15, 2018, amending the case caption to include Defendant Armor as a separate

defendant. Importantly, however, the Court did not direct the Clerk of Court or United States Marshal to serve Defendant Armor on Plaintiff's behalf pursuant to Fed. R. Civ. P. 4(c) and 28 U.S.C. § 1915.

As of the date of this Order, Defendant Armor has not been served and no Summons as been issued with respect to it. Plaintiff indicates in his Response [#37] to the present Motion [#27] that he has attempted to serve Defendant Armor but cannot locate a correct address to properly do so. [#37] at 2. It is with this procedural background in mind that the Court addresses the present Motion [#27].

**B.    Defendant Armor's Motion to Dismiss**

Defendant Armor moves to dismiss, in part, for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), because Plaintiff has failed to effect service or obtain a waiver of service within the time required under Fed. R. Civ. P. 4(m). *Motion* [#27] at 5, 6. A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1353. However, "[e]ffectuation of service is a precondition to suit ..." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). Without proof of service, the Court lacks personal jurisdiction over Defendant Armor. *See Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008).

As indicated above, Defendant Armor is correct in that it has neither been served nor waived service within the time required by Fed. R. Civ. P. 4(m).[7] However, due to

---

[7] Defendant Armor has preserved the defense of ineffective service by raising it in the Motion [#27], its first responsive pleading, pursuant to Fed. R. Civ. P. 12(h). The Court finds no authority supporting the theory that Defendant Armor waived the defense by actively litigating this case. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1155-56 (6th Cir. 1991) (agreeing with

Plaintiff's in forma pauperis status, the obligation to effect service on Defendant Armor ultimately rests with the Court at this stage in the proceedings.

Plaintiff was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915 which provides that "[t]he officers of the court *shall* issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d) (emphasis added). Fed. R. Civ. P. 4(c)(3) conforms to the federal statute by requiring the Court to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" in cases where "the plaintiff is authorized to proceed in forma pauperis." *See also* Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment ("The court remains obligated to appoint a marshal, a deputy, or some other person to effect service of a summons in two classes of cases specified by statute: actions brought in forma pauperis or by a seaman.") (citations omitted). This obligation exists even where a plaintiff proceeding in forma pauperis does not request service by the United States Marshal. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.4 (10th Cir. 2003).

Furthermore, although Rule 4(m)'s 90-day time period for effecting service has expired, the Court *must* extend the time for service where Plaintiff shows good cause. Fed R. Civ. P. 4(m). "Each of the appeals courts that have addressed the question have found that a plaintiff proceeding [in forma pauperis] shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under 28 U.S.C. §

---

the "majority rule" that "actual knowledge of the lawsuit does not substitute for proper service of process."); *Kiro v. Moore*, 229 F.R.D. 228, 230-31 (D.N.M. 2005) (noting that other circuits have "rejected the argument that, by entering an appearance on behalf of a client, counsel waives the client's right to service of process.").

1915(d) and Fed. R. Civ. P. 4(c)(3)." *Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008) (citing e.g., *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Lindsey v. U.S. Railroad Retirement Bd.*, 101 F.3d 444, 445 (5th Cir. 1996); *Byrd v. Stone*, 94 F.3d 217, 219–20 (6th Cir. 1996); *Welch v. Folsom*, 925 F.2d 666, 670 (3rd Cir. 1991); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)); *see also Byrd*, 94 F.3d at 219–20 (holding that plaintiff demonstrated good cause for failing to timely serve defendants where the clerk's office failed to issue plaintiff's summons and failed to appoint a United States Marshal to serve the summons). The Tenth Circuit has specifically indicated that district courts should not dismiss a defendant on the basis of Fed. R. Civ. P. 4(m) in an in forma pauperis proceeding "without making an inquiry of the U.S. Marshal and providing a reason for its decision." *Barrett v. Philpot*, 356 F. App'x 193, 198 (10th Cir. 2009).

In light of this precedent, the Court finds that its failure to direct the Clerk of Court or United States Marshall to serve Defendant Armor requires extending the time for service and thus, denying Defendant Armor's ineffective service argument as premature. Moreover, because service is insufficient, the Court cannot exercise personal jurisdiction over Defendant Armor and lacks jurisdiction to adjudicate the other arguments raised by the Motion [#27]. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#27] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall update the electronic docket in accordance with this Order by amending the case caption to reflect Defendant Armor's correct corporate name as "Armor Correctional Health Services, Inc."

IT IS FURTHER **ORDERED** that the Clerk of Court shall attempt to obtain a waiver

of service from Defendant Armor, at the following address: **Armor Correctional Health Services, Inc., 4960 South West 72nd Avenue, Suite 400, Miami, FL 33155**. If unable to do so, the United States Marshal shall serve a copy of the Amended Complaint, summons, order granting leave to proceed pursuant to 28 U.S.C. § 1915, and all other orders upon Defendant Armor at the above address. If appropriate, the Marshal shall first attempt to obtain a waiver of service of these documents pursuant to Fed. R. Civ. P. 4(d). All costs of service shall be advanced by the United States. The extended deadline for service of the Amended Complaint on Defendant Armor shall be November 16, 2018.

DATED: September 28, 2018 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge